1

2

3

4                        IN THE UNITED STATES DISTRICT COURT

5                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    MARCUS D. WASHINGTON,                    No. C 10-05532 SBA (PR)

8              Petitioner,                    **ORDER STAYING HABEAS**
                                              **PROCEEDINGS; DIRECTING**
9                                             **PETITIONER TO FILE QUARTERLY**
       v.                                     **STATUS REPORTS; AND DIRECTING**
10                                            **CLERK TO ADMINISTRATIVELY**
     RICK HILL, Warden,                       **CLOSE THIS CASE UNTIL THE COURT**
11                                            **ISSUES ORDER LIFTING STAY**
              Respondent.
12   _____/

13         Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus

14   pursuant to 28 U.S.C. § 2254.

15         In an Order dated January 14, 2011, the Court ordered Respondent to show cause why the

16   petition should not be granted.

17         Before the Court is Petitioner's motion to stay his federal petition while he exhausts his

18   remedies in state court.

19                                   **DISCUSSION**

20         Petitioner raises the following claims: (1) the enhancement of his conviction under Penal

21   Code 12022.53(d) constitutes cruel and unusual punishment; (2) there was insufficient evidence to

22   support his torture conviction; (3) his trial counsel rendered ineffective assistance; and (4) the torture

23   statute is unconstitutionally vague.  Petitioner has failed to exhaust state remedies with respect to

24   claims one and three.  Therefore, the action must be dismissed as a mixed petition under Rose v.

25   Lundy, 455 U.S. 509, 510 (1982), or in the alternative, Petitioner may elect to delete the

26   unexhausted claims and proceed on the remaining claims.  In his motion for a stay, Petitioner

27   requests that he be permitted to return to state court to exhaust the unexhausted claims.

28

**United States District Court**
**For the Northern District of California**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose, 455 U.S. at 515-16.  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  Id.  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  Id.  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back."  Id. at 278.  Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Here, it appears that good cause exists for Petitioner's failure to exhaust claims one and three on direct appeal because those claims could be raised by way of state habeas corpus.  This is Petitioner's first habeas petition, and there is no evidence that he seeks the stay for improper purposes.  See Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993) (holding that a stay for

2

the purpose of permitting exhaustion of unexhausted claims should be granted only if the claims

petitioner seeks to pursue are cognizable under § 2254; there is a likelihood of prejudice to petitioner

if the stay is not granted; and there is no evidence that the motion for a stay is brought to delay, vex,

or harass, or that the request is an abuse of the writ). Additionally, even if an Order to Show Cause

has been issued, the Court notes that Respondent has yet to file an answer on the merits to the

petition.  Accordingly, Petitioner's motion to stay the instant petition is GRANTED.

### CONCLUSION

For the foregoing reasons, Petitioner's motion to stay the instant petition (docket nos. 3) is

GRANTED.  These proceedings are hereby STAYED pending Petitioner's exhaustion of his state

judicial remedies, and the Court's January 14, 2011 Order to Show Cause is DISCHARGED.

Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted.  He

must file quarterly reports describing the progress of his state court proceedings, commencing **thirty**

**(30) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state

court proceedings are terminated.  He must also attach to his status reports copies of the cover page

of any document that he files with or receives from the state courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this

action.  Nothing further will take place in this action until Petitioner receives a final decision from

the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the

Court's stay and amend the stayed petition to add the newly-exhausted claims.

This Order terminates Docket no. 3.

IT IS SO ORDERED.

DATED: 3/15/11

_Saundra B Armstrong_

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.10\Washington5532.grantSTAY.wpd

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MARCUS D WASHINGTON,

           Plaintiff,

  v.

RICK HILL et al,

           Defendant.

_____/

Case Number: CV10-05532 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marcus D. Washington G-00436
Folsom State Prison
P.O. Box 950
Folsom,  CA 95763

Dated: March 16, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California

G:\PRO-SE\SBA\HC.10\Washington5532.grantSTAY.wpd